```
          IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
                                 CENTRAL DIVISION
_____
                                    )
MARCOS MORENO-MONTANO,              )
                                    )
          Petitioner,               )   Case No. 2:06-CV-373 DAK
                                    )
     v.                             )   District Judge Dale A. Kimball
                                    )
GREG JACQUERT et al.,               )   MEMORANDUM DECISION
                                    )
          Respondents.              )   Magistrate Judge Brooke Wells
_____
```

Petitioner, Marcos Moreno-Montano, an inmate at Central Utah Correctional Facility, requests habeas corpus relief.[1]  Because, as the State asserts, Petitioner has filed his petition past the applicable period of limitation, the Court denies it.

Petitioner was convicted of child rape and attempted aggravated sexual abuse, first-degree felonies, for which he is serving a ten-years-to-life sentence, concurrent with a term of three years to life.  His conviction became final on December 16, 2002--the deadline he missed, after direct appeal in state court, for filing a petition for writ of certiorari with the United States Supreme Court.  On that date, the one-year period of limitation began running on Petitioner's right to bring a federal habeas petition.  Because Petitioner did not file a state petition for post-conviction relief during that year, the period of limitation ran out on December 16, 2003.  Even so, Petitioner waited until June 7, 2006, about two-and-one-half years later, to file his current petition.

---

[1] *See* 28 U.S.C.S. § 2254 (2009).

By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[2]  Meanwhile, equitable tolling is also available but "'only in rare and exceptional circumstances.'"[3]

Regarding statutory tolling, it is true that two state petitions for post-conviction relief were filed at different times.  However, one was filed and dismissed during the direct-appeal period.  And, the other was filed after December 16, 2003, on June 22, 2005.  So, neither petition is relevant to the period-of-limitation analysis:  one was filed before the period of limitation began running and the other filed after it had already run.  "[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'"[4]

Further, a federal habeas petition was pending in this Court from January 28, 2003, to August 25, 2003, when it was dismissed without prejudice for failure to exhaust.  A footnote in this

---

[2] *Id.* § 2244(d)(2).

[3] *Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted in original)).

[4] *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

Court's dismissal order specifically cautioned Petitioner of the possible effect of the one-year period of limitation on a future federal habeas petition.[5]  This Court further notes that the time in which the first federal habeas petition was pending before this Court did not toll the running of the period of limitation.[6]

Regarding equitable tolling, Petitioner hints at no circumstances whatsoever that excuse his late filing.  Accordingly, the current petition before the Court was filed past the one-year period of limitation.  And, neither statutory exceptions nor equitable tolling apply to save Petitioner from the period of limitation's operation.

IT IS THEREFORE ORDERED that this petition is DENIED because it is barred by the applicable period of limitation.

DATED this 1st day of April, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[5] *Moreno-Montano v. Jacquert*, No. 2:03-CV-106-DAK n.3 (D. Utah Aug. 25, 2003) ("As a courtesy to Petitioner, the Court notes that it appears that Petitioner has limited time remaining, according to state and federal statutes of limitation, to return to state court to file a habeas petition, then, upon a state court decision, to revisit his claims in this Court.  Upon receiving this Order, if he wishes to continue to pursue his claims, Petitioner would be prudent to immediately file his petition in state court and at the conclusion of those proceedings immediately file a petition in this Court.").

[6] *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding time during which federal habeas petition is pending does not toll period of limitation).